IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| TIMMESHA FARREY | § | |
| | § | |
| Plaintiff | § | Civil Action No. 3:16-cv-2861-L |
| | § | |
| v. | § | |
| | § | Complaint |
| | § | |
| RENT RECOVERY SOLUTIONS, LLC | § | And |
| | § | |
| Defendant | § | Demand for Jury Trial |
| | § | |
| | § | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, TIMMESHA FARREY (hereinafter the "Plaintiff or Ms. Farrey"), by Counsel, Dennis McCarty and James Foley, and for her amended complaint against the Defendant, RENT RECOVERY SOLUTIONS, LLC (hereafter "Defendant" or "Rent Recovery"), alleges as follows:

## PRELMINARY STATEMENT

1.   This an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 et seq. (Fair Debt Collection Practices Act).

## JURISDICTION

2.   Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. 1367.

## VENUE

3.   Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the property that is subject to this action is located, in this Judicial District.

## PARTIES

4.   Plaintiff is a natural person and is a resident and citizen of Rockwall County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.   Defendant, Rent Recovery Solutions, LLC (hereinafter "Rent Recovery") is a "debt collector", as defined by 15 U.S.C §1692a(6); and is engaged in business the purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas and may be served through its registered agent, Corporation Service Company, dba CSC Lawyers Incorporation Servicing Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL ALLEGATIONS

6.   Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7.   Plaintiff has a debt listed on her credit report by Defendant Rent Recovery whose account number is 100*******765. Rent Recovery is attempting to collect a debt from Plaintiff that is allegedly owed originally to Bay Island Harbor Point Apartments.

8.   The account that Rent Recovery is reporting on Plaintiff's credit report is reporting as being in "disputed" status.

9.   The disputed status is preventing her from closing on a home loan.  In other words, to close on Plaintiff's home loan, the account that Rent Recovery is reporting must have the dispute language removed from the credit trade line.

10. Plaintiff conceding that she owed the alleged debt and no longer wanted to dispute the debt, contacted Defendant by phone on several occasions and stated clearly: "I am not disputing the debt" but Defendant refused to remove the dispute language. On August 23, 2016 Plaintiff called Defendant again and because Ms. Farrey was not disputing the debt, she requested that Defendant remove the dispute language from her credit report. Not only did Ms. Farrey inform Defendant that she was not disputing the account and wanted the dispute language removed but also informed them that the dispute language was preventing her from a home loan.  Ms. Farrey recorded that conversation, in its entirety.

11. In that phone conversation, Defendant refused to remove the dispute language from Ms. Farrey's credit report unless she agreed to pay the debt in full.

12. Ms. Farrey has the right given to her pursuant to the Fair Debt Collection Act, as well as the Fair Credit Reporting Act, to dispute the debt; and *ipso facto*, she possesses the right to have the dispute language removed when she concedes that she does indeed owe the debt and no longer disputes the account data. The debt should not remain in dispute status in perpetuity only ending upon agreement of the consumer to pay the debt in full. Plaintiff has a statutory right to dispute an account, however, it

3

should not be used as a weapon against her in an attempt to illegally wrench payment from her when she no longer disputes the account.

13. The underwriting requirements for Ms. Farrey's applied-for mortgage include the provision that the Rent Recovery account listing cannot be noted as being "in dispute". Defendant's refusal to remove the dispute language from the credit report prevents Ms. Farrey from qualifying for the mortgage loan.

14. Despite Ms. Farrey's clear statement "I want the dispute wording removed", Defendant continued to report the Rent Recovery account as "disputed" by Ms. Farrey.

15. Rent Recovery, knowing full well that Ms. Farrey does not dispute the debt, is falsely representing the character, amount or legal status of the debt by reporting it to the credit bureaus with notation that it is "disputed" by the consumer.

16. Rent Recovery, knowing full well that Ms. Farrey does not dispute the debt, is reporting account data which it knows, or should know, is false because it is reporting the debt with notation that it is "disputed" by the consumer.

17. Rent Recovery knows full well that Ms. Farrey does not dispute the debt yet it nevertheless refuses to remove the dispute notation unless she agrees to pay the debt in full. Rent Recovery, therefore, threatens an action it cannot legally take by threatening to leave the disputed notation of the account in place unless and until Plaintiff pays the debt in full.

18. Rent Recovery uses false representation and deceptive means in an attempt to collect a debt by asserting, and acting on, a false right to refuse to remove the completely inaccurate representation that the Rent Recovery account is being disputed by Plaintiff unless she pays the debt in full.

19. Rent Recovery uses unfair and unconscionable means to collect a debt by illegally refusing to remove the completely inaccurate representation that the Rent Recovery account is disputed by Ms. Farrey unless and until Ms. Farrey pays the Rent Recovery account in full.

20. Because of the actions of Rent Recovery, Plaintiff ability to obtain a mortgage was negatively affected.

21. Because of the actions of Rent Recovery, Plaintiff failed to qualify for a mortgage loan. As a result of Defendant's refusal to remove the dispute wording from the account, Ms. Farrey was forced to engage an attorney to protect her rights pursuant to the Fair Debt Collection Act, and the Fair Credit Reporting Act, and to ensure that the dispute language would be removed from the account.

22. Because of this, the Plaintiff has suffered damages and will continue to suffer future damages that have yet to be determined.

23. As a result of Rent Recovery's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

24. As a result of Defendant Rent Recovery's conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

25. At all times pertinent hereto, Defendant Rent Recovery was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

26. At all times pertinent hereto, the conduct of the Defendant Rent Recovery, as well as that of their agents, servants and/or employees, demonstrated reckless disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

27. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

28. Plaintiff's suit is based upon the Defendant's violation of the Fair Debt Collection Practices Act (FDCPA).

29. Plaintiff suffered damages from the Defendant's violations of the FDCPA.

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

31. Ms. Farrey, contacted Defendant by phone on August 23, 2016 and conceded that she owed the Rent Recovery debt whose account number is 100********765. Ms. Farrey notified Defendant that she longer wanted to dispute the debt by stating clearly: "I am not disputing the debt" and "I want the dispute wording removed". Because Ms. Farrey was not disputing the debt, she requested that Defendant remove the dispute language from her credit report. Ms. Farrey recorded that conversation, in its entirety.

32. In that phone conversation, Defendant refused to remove the dispute language from Ms. Farrey's report unless she agreed to pay the debt in full.

33. Ms. Farrey has the right given to her pursuant to the Fair Debt Collection Act, as well as the Fair Credit Reporting Act, to dispute the Rent Recovery account; and *ipso facto*, she possesses the right to have the dispute language removed when she concedes that she does indeed owe the Rent Recovery account and no longer disputes the account data. The Rent Recovery account should not remain in dispute status in perpetuity only ending upon agreement of the consumer to pay the debt in full.

34. The underwriting requirements for Ms. Farrey's applied-for mortgage include the provision that the Rent Recovery account listing cannot be noted as being "in dispute". Defendant's refusal to remove the dispute language from the credit report listing prevented Ms. Farrey from qualifying for the mortgage loan.

35. Despite Ms. Farrey's clear statement "I am not disputing the debt" and "I want the dispute wording removed", Defendant continued, until Plaintiff hired an attorney to represent her, to report the Rent Recovery account as "disputed" by Ms. Farrey.

36. FDCPA violations alleged herein as arising from Rent Recovery's **reporting** of the Rent Recovery account to credit repositories as being "disputed" rely on the premise that reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of §

1692g(b) when it reported Edeh's disputed debt to the CRAs before sending verification of that debt to Edeh.); *see also Edeh v*. *Midland Credit Mgmt*., *Inc*., 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) <u>aff'd</u>, 413 Fed. Appx. 925 (8th Cir. 2011)(The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of §1692e(8) can subject a debt collector to liability under the FDCPA.)

37. Defendant Rent Recovery violated 15 USC §1692e(2)(A), when it, knowing full well that Ms. Farrey does <u>not</u> dispute the Rent Recovery account, falsely represented, and continued to represent until such time as contacted by Plaintiff's attorney, the character, amount or legal status of the Rent Recovery account by reporting it to the credit bureaus with notation that the debt is "disputed" by the consumer. Because reporting the Rent Recovery account to a credit reporting agency

can be seen as a communication in connection with the collection of a debt, the

reporting of the Rent Recovery Account as "disputed" is in violation of the provisions

of 15 USC §1692e and subjects the Defendant to liability under the FDCPA. *Please see*

*Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010)

aff'd, 413 Fed. Appx. 925 (8th Cir. 2011).

The section entitled *"False or misleading representations"* under 15 U.S.C. §1692e

reads:

> *(2)(A) The false representation of the character, amount or legal status of any debt;*
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

and;

> (*8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

and;

> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

And;

The section entitled *"Unfair practices"* under 15 U.S.C §1692f reads:

> *A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.*

38. Defendant Rent Recovery violated, and continues to violate, Federal Statute

15 U.S.C. §1692e(8) when it communicated credit information which it knew or should

have known was false when it, knowing full well that the Ms. Farrey does not dispute

the debt, reported, and continued to report until such time as contacted by Plaintiff's

attorney, the debt with notation that it is "disputed" by the consumer. Because

reporting the Rent Recovery account to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of the Rent Recovery Account as "disputed" is in violation of the provisions of 15 USC §1692e and subjects the Defendant to liability under the FDCPA. *Please see Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011).

39. Defendant violated 15 USC §1692e(5) when it took action to report the Rent Recovery account as "disputed" after being clearly informed by Ms. Farrey that she did not dispute the account. When Defendant refused to remove the dispute notation unless she agreed to pay the debt in full, and continue to report the debt as "disputed by the consumer", it threatened an action it can not legally take by threatening to leave the disputed notation of the Rent Recovery account in place unless and until Plaintiff pays the debt in full. Defendant's alleged violations of 15 U.S.C. 1692e(5), arising from Defendant's reporting of the Rent Recovery Account, rely on the Fifth Circuit ruling that to "threaten an illegal" action under 15 U.S.C. 1692e(5) is covered when the action is completed. It doesn't just have to be a "threat" but occur when the action is performed. Here Defendant did attempt to collect the alleged debt that was (1) not Plaintiff's debt and (2) already paid. *Please see Harrington v. CACV of Colorado, LLC,* 508 F. Supp. 2d 128, 136 (D. Mass. 2007) (The Fifth Circuit and district courts in the Sixth and Ninth Circuits have held that § 1692e(5) covers completed illegal acts as well as the threats to commit those acts. *See Poirier v. Alco Collections, Inc.,* 107 F.3d 347, 350-51 (5th Cir.1997)); *Marchant v. U.S. Collections West, Inc.,* 12 F.Supp.2d 1001, 1006 (D.Ariz.1998) ("defendants assert that they made no threat; they simply took

action. I think that such argument elevates form over substance. To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority ... would defy the very purposes of the section.) In addition, because reporting the Rent Recovery account to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of the Rent Recovery account as "disputed" is in violation of the provisions of 15 USC §1692e and subjects the Defendant to liability under the FDCPA. *Please see Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011).

40. On or about August 23, 2016, Defendant violated 15 USC §1692e(5) by direct collection activity during a telephone conversation when, after being clearly informed by Ms. Farrey that she did not dispute the Rent Recovery account, it refused Ms. Farrey's demand to remove the dispute notation unless she agreed to pay the debt in full. Rent Recovery, therefore, threatened an action it cannot legally take by threatening to leave the disputed notation of the Rent Recovery account in place unless and until Plaintiff pays the debt in full.

41.  Defendant Rent Recovery violated 15 USC §1692e(10) by using false representation and deceptive means in an attempt to collect the Rent Recovery account by asserting, and acting on, a false right to refuse to remove the completely inaccurate representation of the Rent Recovery account as being disputed by Plaintiff unless she pays the debt in full.

42. Defendant Rent Recovery violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect a debt by illegally refusing to remove the completely

inaccurate representation that the Rent Recovery account is being disputed by the consumer unless Ms. Farrey pays the account in full. Because of the actions of Rent Recovery, Plaintiff was unable to obtain a mortgage loan.

43. Because of the actions of Rent Recovery, Plaintiff's ability to obtain any mortgage has been negatively affected.

44. Because of the actions of Rent Recovery, Plaintiff was forced to engage an attorney to protect her rights pursuant to the Fair Debt Collection Act, and the Fair Credit Reporting Act, and to ensure the dispute language be removed from the account, whether paid or not paid, in order for her mortgage loan to be approved.

45. Because of this, the Plaintiff has suffered damages and will continue to suffer future damages that have yet to be determined.

46. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by Rent Recovery.

47. The conduct of Rent Recovery was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

48. As a result of Rent Recovery's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

49. As a result of Defendant Rent Recovery's conduct, Plaintiff has suffered actual damages and will continue to suffer actual damages in the future, all to Plaintiff's great detriment and loss.

50. At all times pertinent hereto, Defendant Rent Recovery was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

51. At all times pertinent hereto, the conduct of the Defendant Rent Recovery, as well as that of their agents, servants and/or employees, demonstrated reckless disregard for federal laws and the rights of the Plaintiff herein.

**COUNT II—VIOLATION OF THE TEXAS DEBT COLLECTION ACT (TDCA)—TEXAS FINANCE CODE §392**

52. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53. The Plaintiff is a "consumer" as defined by Tex. Fin. Code §392.001(1).

54. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code §392.001(6) and (7).

55. Defendant is in the business of debt collection for-profit and conducted their business in Texas when they attempted to collect an alleged debt from Plaintiff.

56. Defendant availed themselves to economic gain in Texas by conducting business in Texas. Defendant is attempting to make a profit from Plaintiff by conducting their debt collection business.

57. Defendant is collecting a debt in Texas from a Texas resident. Please see Tex.

13

Fin. Code Ann. § 392.001 (Vernon)(5) "Debt collection" means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

58. This alleged debt is for a consumer debt. Defendant is attempting to collect a debt that was originally owed to Bay Island Harbor Point Apartments

59. Defendant is reporting Ms. Farrey's account as being in "dispute" status. This dispute status prevented her from closing on a home loan.

60. Ms. Farrey contacted Defendant multiple times, informed them that she conceded the debt, that she no longer wanted to dispute the account, requested the dispute language to be removed from her credit report because it was preventing her from closing on a home loan. Defendant refused to remove the dispute language unless Plaintiff paid the account in full. Plaintiff was not able to close on her home loan at that time because of Defendant's actions.

61. The TDCA makes it a violation for a debt collector to attempt to collect a debt by "Threatening to take an action prohibited by law" Tex. Fin. Code §392.301(a)(8) as well as making, "Fraudulent, Deceptive, or Misleading Representations" Tex. Fin. Code §392.304(a)(19).

62. Defendant is maliciously, willfully, and/or negligently violating the Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

63. Defendant intentionally and purposefully violated debt collection laws in order to collect an alleged debt. Please see.

This section entitled Fraudulent, Deceptive, or Misleading Representations reads:
Sec. 392.304.    FRAUDULENT,DECEPTIVE,   OR   MISLEADING
REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt

collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

> (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding

And;

> (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

And;

Sec. 392.301. THREATS OR COERCION.
> (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

>> (8) threatening to take an action prohibited by law.

64. Plaintiff seeks all damages recoverable under the TDCA, including but not limited to injunctive relief, actual damages, reasonable attorney's fees and costs. Defendant alleges that they are entitled to exemplary damages under the Texas Civil Practice & Remedies Code as a result of Defendant's actions.

65. As a result of Defendant's conduct, Plaintiff has suffered great, emotional and mental pain and anguish; all to Plaintiff's great detriment and loss.

66. As a result of Defendant's conduct, Plaintiff has suffered actual damages; all to Plaintiff's great detriment and loss.

67. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

68. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless,

and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

69. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

## EXEMPLARY DAMAGES

70. Plaintiff would further show that the acts complained herein of Defendant were committed with fraud, malice, with gross negligence and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Texas Civil Practice & Remedies Code §41.001(5).

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Rent Recovery based on the following requested relief:

a.  Actual damages against Rent Recovery pursuant to 15 U.S.C. §1692k;

b.  Statutory damages against Rent Recovery pursuant to 15 U.S.C. §1692k;

c.  Costs and reasonable attorney's fees against Rent Recovery pursuant to 15 U.S.C.
    §1692k; and

d.  Injunctive relief pursuant to Tex. Fin. Code §392.403(a)(1);

e.  Actual Damages pursuant to Tex. Fin. Code §392.403(a)(2);

f.  Reasonable attorney's fees and costs pursuant to Tex. Fin. Code §392.403(b);

g.  Exemplary Damages pursuant to Texas Civil Practice & Remedies Code
    §41.001(5);

h.  Such other and further relief as may be necessary, just and proper;


Dated: March 21, 2017

        Respectfully submitted,


                        /s/ Dennis McCarty_____
                        Dennis McCarty
                        ATTORNEY FOR PLAINTIFF
                        Mississippi Bar No. 102733
                        Federal Bar No. 993800
                        P.O. Box 111070
                        Carrollton, TX., 75011
                        Telephone: 817-704-3375
                        Fax (817) 887-5069
                        dmccartylaw@att.net
                        James Foley
                        James Foley PLLC
                        Texas Bar No. 24055491
                        4116 W Vickery Blvd #103
                        Fort Worth, TX 76107
                        817/738-1633
                        Fax: 866/512-5807
                        Email: James@JamesFoleyPLLC.com
                        Attorney for Plaintiff